UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES W. HIMES, SR.,**

    **Plaintiff,**

v.                                          Case No: 8:20-cv-550-T-36AEP

**RON DESANTIS, ASHLEY MOODY, ASHLEY MOODY, JIMMY PATRONIS and NIKKI FRIED,**

    **Defendants.**

_____/

## ORDER

This cause comes before the Court on Plaintiff's Civil Rights Complaint (Doc. 1) and Amended Complaint (Doc. 6). Also, before the Court is Plaintiff's motion titled "Directions to the Clerk" (Doc. 10), which contains Plaintiff's Affidavit of Indigency (Doc. 10-1 at 3–8, construed as a motion to proceed *in forma pauperis*).

    **I.**    **Motion to Proceed** *In Forma Pauperis*

As an initial matter, the Court concludes that it is appropriate to grant Plaintiff's motion to proceed *in forma pauperis* (Doc. 10-1 at 3–8) to the extent that the case may proceed without the *prepayment* of the entire filing fee. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee."). Because Plaintiff has less than a $10.00 balance in his prison trust fund account, the Court will not require Plaintiff to pay an

initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $350.00 filing fee in this case and will be required to submit monthly payments as funds become available in his prison account.

## II.     Review of the Pleadings Pursuant to 28 U.S.C. § 1915A

Plaintiff asserts in his Directions to the Clerk (Doc. 10) that the complaint filed as an Amended Complaint in this case was intended to be filed as a separate complaint in a new case. However, while the construed Amended Complaint references some different (and more recent) dates, both the Complaint and Amended Complaint sue the same Defendants and contain allegations that the Florida Department of Revenue ("FDOR") issued "fraudulent" orders that he owes child support, resulting in the offset of his social security benefits. (Doc 1 at 4–5; Doc. 6 at 5–15). Therefore, the Court finds it appropriate to consider the Complaint and Amended Complaint — which the Court will construe as a Supplement to the Complaint — together. Plaintiff's request to file it as a separate case is denied.

Turning to the allegations in the Complaint and Supplement, Plaintiff sues Florida Governor Ron DeSantis, Florida Attorney General Ashley Moody, Florida Chief Financial Officer Jimmy Patronis, and Florida Commissioner of Agriculture Nikki Fried. (Doc. 1 at 2–3; Doc. 6 at 2–3). With the exception of Defendant Moody, he sues each Defendant in their official capacities. (Doc. 1 at 2–3; Doc. 6 at 2–3). He sues Defendant Moody in both her individual and official capacities. (Doc. 1 at 2).

### A. Factual Allegations

Although the allegations in the Complaint and Supplement could be more clear, it appears Plaintiff claims in the Complaint that, on an unspecified date, the FDOR issued to the Social Security Administration ("SSA") a "fraudulent order claiming [he] owe[s] child support," notwithstanding that the child support complaint had previously been dismissed. (Doc. 1 at 4). Subsequently, the FDOR intercepted his social security benefits in 2015 and 2016. (Doc. 1 at 4–5). He further claims that the FDOR "suspend[ed] [his] drivers license on many occasions," reported him to a collection agency, "forced [him] to pay $1800," and established paternity to the wrong person. (Doc. 1 at 4–5). Plaintiff contends Defendants have violated his due process and equal protection rights. (Doc. 1 at 3). He seeks $600,000 in compensatory and punitive damages for these claims. (Doc. 1 at 5).

In the Supplement, Plaintiff similarly claims violation of his due process rights. (Doc. 6 at 3). He alleges that a 2017 complaint established his paternity, but that the child support portion was dismissed at the final hearing. (Doc. 6 at 6). He was subsequently served in February 2019 with a new complaint, filed in 2019, that used the same child support enforcement number as the 2017 complaint. (Doc. 6 at 6). He states that he responded to the 2019 complaint in a timely manner. (Doc. 6 at 6). However, he claims the Office of the Attorney General emailed the FDOR in April 2019 and instructed the FDOR "to dismiss the judicial process that [Plaintiff] requested in Feb[ruary] 2019" when he timely responded to the 2019 complaint. (Doc. 6 at 11). Then, on August 28, 2019, the FDOR entered an administrative order for child support, which Plaintiff claims he did not receive; the order was entered without

3

a hearing based on Plaintiff's purported failure to timely respond to the 2019 child support complaint. (Doc. 6 at 7).

On October 10, 2019, Plaintiff received a letter from the SSA notifying him that a monthly deduction would be taken from his benefits due to the child support order. (Doc. 6 at 7). Plaintiff investigated through calls to FDOR in Tallahassee, as well as a visit to the local FDOR branch office in late October 2019. (Doc. 6 at 6–7). There, he was able to view the administrative child support order for the first time, and he was advised that he could not appeal because the thirty-day window to do so had passed. (Doc. 6 at 7).

Plaintiff claims that, upon his further investigation, he found out that the FDOR reopened the 2017 complaint in May 2019 without notice or service of process, to which he apparently did not respond because he had no notice. (Doc. 6 at 7–8). The 2017 complaint was dismissed in June 2019, but his failure to respond to the 2017 complaint was "attached" to the 2019 complaint, from which the August 2019 child support order was issued. (Doc. 6 at 7–8). Plaintiff claims he was finally sent record of the administrative process in December 2019. (Doc. 6 at 14).

Ultimately, Plaintiff alleges that the FDOR violated his procedural due process rights by the interception of his social security benefits from October 2019 forward and retroactive to February 2019. (Doc. 6 at 9, 13–15).

### B. Analysis

Upon review, *see* 28 U.S.C. § 1915A, because Plaintiff has failed to set forth his claims adequately, he will be required to submit an Amended Complaint.

4

First, a federal court may *sua sponte* consider a statute of limitations defense in a Section 1983 action if that defense is apparent from the face of the complaint. *Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990). Section 1983 does not contain a statute of limitations, therefore, claims are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 1990); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Plaintiff's Complaint in this case was filed on March 9, 2020. The 2015 interception of his social security benefits was, therefore, more than four years before the filing of the Complaint. Accordingly, Plaintiff's Complaint, as to the allegations of interception of his social security benefits in 2015, is barred by the statute of limitations and will be dismissed as frivolous. *See Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) (stating that "'[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.'") (quoting *Clark*, 915 F.2d at 640 n.2).

Second, Plaintiff has failed to identify the relevant dates or timeframe for the alleged suspensions of his driver's license, reports to a collection agency, required payment of $1,800, and establishment of paternity to the wrong person.

Third, to the extent Plaintiff claims Defendants violated his right to equal protection of the laws, Plaintiff has failed to allege any facts to support such a claim. Therefore, Plaintiff's equal protection claims are dismissed. *See, e.g.*, *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[M]ore than mere conclusory notice

5

pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

Fourth, Plaintiff has sued Defendant Moody in her individual capacity, but failed to identify any specific actions taken by her. Plaintiff is required to state allegations that connect named Defendants with the alleged constitutional violations. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, the individual capacity claim against Defendant Moody is dismissed.

Finally, Plaintiff has sued each named Defendant in their official capacity. "For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents." *Owens v. Fulton Cty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Here, Plaintiff has failed to describe any individual actions taken by any named Defendant, and Defendants cannot be liable for the acts of its employees on a theory of *respondeat superior*. *See Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997). Instead, to demonstrate liability on the part of the Defendants, Plaintiff must show some affirmative link or connection between their actions and the claimed deprivation or show that a constitutional violation occurred or was caused by a policy or custom. *Monnell v. Dep't of Social Serv. of the City of N.Y.*, 436 U.S. 658, 694–95 (1978). Plaintiff has not done so here.

Accordingly, it is **ORDERED** that:

1. The Complaint (and attendant supplement) (Docs. 1, 6) is **DISMISSED without prejudice** to the filing of an amended complaint within **THIRTY (30) DAYS** of the date of this order.

   a. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint on the form, marking it "Amended Complaint."

   b. The amended complaint must include all of Plaintiff's claims in this action and the facts that support them; it may not refer back to or incorporate the original complaint. The amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

   c. **Plaintiff is advised that his failure to fully comply with this Order by timely filing an Amended Complaint will result in the dismissal of this action, for failure to state a claim, without further notice.**

   d. Plaintiff shall immediately advise the Court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain *only* information pertaining to the address change and the effective date of such.

2. Plaintiff's motion to proceed *in forma pauperis*, contained in his Directions to the Clerk (Doc. 10) is **GRANTED** to the extent that the case may proceed without the *prepayment* of the entire filing fee.

   a. Because Plaintiff has less than a $10.00 balance in his prison trust fund account, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A).  However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

   b. As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the proceeding month's income (that is, all funds deposited into the account) credited to the account.  Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from his account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.  The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number; and (3) the Middle District of Florida Case Number (8:20-cv-550-T-36AEP).  Checks or money orders which do not have this information will be returned to the penal institution.

   c. Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him lapses in its duty to make

> payments on his behalf. For this reason, if Plaintiff is transferred to another jail or correctional institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.
>
> d. Plaintiff's motion titled Directions to the Clerk (Doc. 10) is otherwise denied.

3. The Clerk is directed to:

    a. Rename Doc. 6 on the electronic docket as a Supplement to the Complaint;

    b. Mail to Plaintiff a copy of the standard prisoner civil rights complaint form along with this Order; and

    c. Mail a copy of this order to Hillsborough County Jail, 1201 Orient Road, Tampa, FL 33619, Attn: Administrator of the Inmate Trust Fund Account.

**DONE** and **ORDERED** in Tampa, Florida on December 3, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies: James W. Himes, Sr., *pro se*
All counsel of record